**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| LEE FLINT, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLOMD BUSINESS SERVICES, LLC and MERCY HEALTH REGIONAL MEDICAL CENTER, LLC d/b/a MERCY HEALTH LORAIN HOSPITAL,<br><br>Defendants. | Case No. 1:25-cv-05439-SEG |
| SHAWANNA TOWNSEND, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLOMD BUSINESS SERVICES, LLC and RUSH COPLEY MEDICAL CENTER ,<br><br>Defendants. | Case No. 1:25-cv-05443-SEG |

| | |
|---|---|
| PAUL BRUNI, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLOMD BUSINESS SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-05467-SEG |
| CATHY ODONNELL, individually and on behalf all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>APOLLOMD BUSINESS SERVICES, LLC,<br><br>Defendant. | Case No. 1:25-cv-05488-SEG |

**PLAINTIFFS' MOTION TO CONSOLIDATE CASES AND APPOINT INTERIM CO-LEAD CLASS COUNSEL WITH <u>MEMORANDUM OF LAW IN SUPPORT</u>**

Plaintiffs Lee Flint, Shawanna Townsend, Paul Bruni, and Cathy O'Donnell (together, "Plaintiffs"), individually and on behalf of all others similarly situated, respectfully move under Federal Rules of Civil Procedure 42(a)(2) and 23(g)(3) for

an order consolidating the above-captioned actions and appointing interim class counsel. For the reasons set forth below, Plaintiffs' Motion to Consolidate Cases and Appoint Interim Co-Lead Class Counsel should be granted.

## I. INTRODUCTION

Plaintiffs in the above-captioned actions (the "Related Actions") each brought suit against Defendant ApolloMD Business Services, LLC ("ApolloMD") and other entities after ApolloMD reported a data breach in which Plaintiffs' and the putative Class Members' private information was accessed by unauthorized individuals in May 2025 (the "Data Breach"). Plaintiffs in the Related Actions allege that their private information was compromised in the Data Breach and raise common legal questions concerning ApolloMD's breach of the same or similar common law and statutory duties that resulted in the Data Breach. Each Related Action also seeks the same type of remedies and damages for those injured by the Data Breach. As such, the Related Actions present common factual and legal questions, which will involve overlapping discovery efforts. Accordingly, consolidation of the Related Actions under Federal Rule of Civil Procedure Rule 42(a) will promote efficiency in the discovery process, consistency in judicial rulings, and will reduce duplication, costs, and delay.

Moreover, Jeff Ostrow of Kopelowitz Ostrow P.A. and Casondra Turner of Milberg Coleman Bryson Phillips Grossman PLLC ("Proposed Interim Co-Lead

Counsel") should be appointed to guide this litigation for the putative Class members because of their expertise and experience in data breach litigation. Moreover, their firms have the resources to vigorously prosecute this complex class action and to take it to trial, if necessary. Thus, their appointment will best serve the Class.

Proposed Interim Co-Lead Counsel were the first to file complaints arising out of the Data Breach and, since then, have been intimately involved in investigating, prosecuting, and coordinating this litigation, including the preparation and filing of this Motion. Appointment of interim class counsel at this early juncture will facilitate coordinated prosecution of the Related Actions and the possibility of early potential resolution, thereby conserving judicial resources.

Finally, Plaintiffs request that the Court stay Defendants' deadline to respond to the individual complaints in the Related Actions and set a schedule for Plaintiff to file a consolidated class action complaint and for Defendants to respond thereto.

Plaintiffs' counsel has conferred with ApolloMD's counsel about this motion, and ApolloMD does not oppose consolidation or setting a briefing schedule and takes no position on Plaintiffs' request to appoint interim class counsel.[1] ApolloMD reserves the right to dispute Plaintiffs' allegations or characterization of events at the appropriate time.

---

[1] Plaintiffs' counsel were unable to confer with counsel for the other Defendants, who have not appeared or contacted Plaintiffs' counsel.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Data Breach

Defendant ApolloMD is a physician practice management company based in Atlanta, Georgia that offers multispecialty business and health services to hospitals and health systems, including to Defendants Mercy Health Regional Medical Cetner, LLC d/b/a/ Mercy Health Lorain Hospital ("Mercy") and Rush Copley Medical Center ("Rush"). *See Flint v. ApolloMD Bus. Serv., LLC, et al.,* Case No. 1:25-cv-05439-SEG, Doc. 1 ("Compl.") ¶ 26. ApolloMD collects and stores the personally identifying information ("PII") and protected health information ("PHI") of Plaintiffs and the Class Members for its own financial benefit and to provide its services. *See id.* ¶ 26.

Between May 22, 2025 and May 23, 2025, an unauthorized third-party accessed ApolloMD's IT networks and acquired Plaintiffs' and Class Members' private data in the Data Breach, including their names, dates of birth, addresses, diagnosis information, provider names, dates of service, treatment information, and/or health insurance information (collectively, "Private Information"). *Id.* ¶¶ 33-34. Nearly four months later, on or around September 17, 2025, ApolloMD began issuing notice letters to inform individuals that their Private Information was impacted in the Data Breach. *Id.* ¶ 35. Upon information and belief, thousands of individuals had their Private Information stolen in the Data Breach. *Id.* ¶ 95. As a

result of the Data Breach, Plaintiffs and Class Members will face a heightened and imminent risk of fraud and identity theft for the rest of their lives.

### B. Procedural History

In the days following ApolloMD's announcement of the Data Breach, several class action lawsuits were filed against ApolloMD, each seeking to redress the harm caused by the Data Breach. All of the actions assert nearly identical facts and claims for relief. On September 23, 2025, Plaintiff Lee Flint filed the first class action lawsuit against ApolloMD involving the Data Breach in this Court. On September 24, 2025, Plaintiffs Townsend and Bruni filed their class action lawsuits in this Court. Subsequently, on September 25, 2025, Plaintiff O'Donnell filed her class action lawsuit in this Court (collectively, the "Related Actions").

To date, there have been four class actions filed in this Court related to the Data Breach, and Plaintiffs' counsel anticipate there will be more. Counsel in the Related Actions acted promptly to coordinate their efforts and move the cases forward efficiently. Plaintiffs now seek to consolidate these actions and move for the appointment of Interim Co-Lead Class Counsel to streamline the efficient prosecution of this litigation.

## III. ARGUMENT

### A. The Related Actions Should be Consolidated Under Rule 42(a)

Rule 42(a) of the Federal Rules of Civil Procedure authorizes the

consolidation of cases sharing common questions of law or fact. In fact, the Eleventh Circuit encourages district courts to use Rule 42(a) to eliminate unnecessary repetition and confusion. *See Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985).

> Rule 42(a) of the Federal Rules of Civil Procedure provides: If actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay.

Fed. R. Civ. P. 42(a). Further, whether to consolidate multiple actions is within the Court's discretion and "ample precedent supports the Court's authority to consolidate sua sponte." *Mancuso v. Equifax Info. Serv., LLC*, No. 1:23-cv-02443, 2023 WL 8825305, at *1 (N.D. Ga. Nov. 14, 2023) (quoting *Doherty-Heinze v. Chrisley*, No. 3:22-cv-172, 2023 WL 2373498, at *5 (N.D. Ga. Jan. 9, 2023). Rule 42(a) "codifies a district court's inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995).

**1. Common Questions of Law and Fact Predominate**

The Complaints in each of the Related Actions assert common causes of action against a common defendant—ApolloMD—in response to the same alleged misconduct (Defendants' failure to adequately safeguard the Private Information). The Related Actions commonly seek certification of similar classes and allege that

class members suffered similar harms as a result of Defendants' common course of conduct. The Related Actions concern the same Data Breach. The Related Actions also allege overlapping claims, including negligence, unjust enrichment, and breach of implied contract. Additionally, all the lawsuits seek certification of similar classes. Absent consolidation, it is possible multiple overlapping classes could be certified which may lead to Defendants being responsible for more than one judgment for the same class. The potential risk of prejudice and possible confusion is far outweighed by the risk of inconsistent adjudications. Plaintiffs and Defendants will experience very little prejudice, if any, by consolidating these cases. Therefore, this factor weighs in favor of consolidation. *Mancuso*, 2023 WL 8825305, at *1 ("In deciding whether to consolidate, the Court must weigh the specific risks of prejudice and possible confusion against the risk of inconsistent adjudications of common factual and legal issues...") (internal quotations omitted).

Further, as previously mentioned, the Related Actions arise from the same factual basis—the Data Breach—which was a result of Defendants' failure to protect the Plaintiffs' and Class Members' Private Information. The Related Actions allege the same factual contentions such as: (1) Defendants knowingly violated their obligations to abide by best practices and industry standards in protecting Plaintiffs' and Class Members' Private Information; (2) these failures enabled unauthorized third parties to intercept, access, and acquire the Private Information collected and

maintained, putting Plaintiffs' and Class Members' Private Information at a serious and ongoing risk; and (3) Defendants failed to disclose the extent of the Data Breach and notify the affected individuals in a timely manner. Thus, because Plaintiffs' claims are rooted in the same factual predicate, this provides another basis for consolidation. *Falcetta v. Credit Collection Serv.*, 1:20cv-1990, 2020 WL 10046094, at *1 (N.D. Ga. Nov. 20, 2020) (finding consolidation of multiple actions was appropriate where multiple actions involved the defendants' violations of the same statutes and "[p]laintiff's allegations in each [were] virtually identical.").

**2. Consolidation Is Appropriate and Promotes Efficiency**

Additionally, consolidation of the Related Actions will promote judicial efficiency and expedite the resolution of the cases. The Related Actions are at the same stage in litigation, will seek similar and overlapping discovery, will use largely the same witnesses, and will require the same responsive pleadings and trial preparation. Because of this, consolidating the Related Actions will prevent duplicative discovery, will avoid inconsistent pretrial rulings, and will conserve the resources of the parties, their counsel, and the judiciary. *See Preston v. CSX Transportation, Inc.*, Nos. 1:17-cv-04215; 1:17-cv-02861, 2018 WL 11348584, at *9 (N.D. Ga. Nov. 20, 2018) (finding consolidation was warranted and would achieve "expeditious results and [conserve] resources" where "the cases sufficiently share similar claims, overlapping parties, and similar discovery."); *Daker v. Allen*,

No. 4:17-cv-106, 2018 WL 5723954, at *2 (S.D. Ga. Nov. 1, 2018) (holding consolidation would "promote judicial efficiency and help the parties avoid piecemeal litigation.").

In numerous prior instances, litigation stemming from data breaches have proceeded in consolidated actions, either through Multidistrict Litigation ("MDL") or upon motion of the parties. *See, e.g., Russell v. Arby's Restaurant Gp., Inc.*, Nos. 1:17-cv-01035; 1:17-cv-01529 (N.D. Ga. 2017) (consolidating consumer data breach cases arising from the same data breach); *Schultz v. TD Ameritrade, Inc.*, Nos. 8:23-cv-375, 8:23-cv-380, 8:23-cv-381, 8:23-cv-385, 2023 WL 6621073, at *1 (D. Neb. Oct. 11, 2023) (finding consolidation "will promote judicial efficiency, conserve the parties' and court's resources, and will avoid duplicative discovery and court rulings" where "the plaintiffs' claims each arise out of the same data breach, contain overlapping causes of actions, and seek to represent the same class of individuals…"); *Deevers v. Wing Financial Services LLC*, No. 22-CV-0550-CVEJFJ, ECF No. 17 (N.D. Okla. 2022) ("The Court finds that both cases arise out of the same data breach, and there are issues of law and fact that are common to both cases. The class action claims asserted by both Plaintiffs will depend on the same liability determination, and it would be preferable for these issues to be decided by one judge or jury. It would also avoid unnecessary delay and expense to the parties to consolidate the cases, because all discovery and motion practice could occur in

one case."); *In re The Home Depot, Inc. Customer Data Security Breach Litig.*, 65 F. Supp. 3d 1398 (J.P.M.L. 2014) (centralizing and consolidating cases and directing the filing of consolidated complaints in two tracks, one for cases filed by consumer plaintiffs, and one for cases filed by financial institution plaintiffs); *First Choice Federal Credit Union v. The Wendy's Co., et al.*, 2:16-cv-506 (W.D. Pa. July 12, 2016) (consolidated five actions filed against defendant following a data breach).

Accordingly, for the reasons set forth above, this Court is well within its authority to consolidate the above-referenced cases. Thus, Plaintiffs respectfully request that the Court consolidate the Related Actions under the docket number of the first filed case, 1:25-cv-05439-SEG, and under the title *In re ApolloMD Data Breach Litigation*.

**B. The Court Should Appoint Plaintiffs' Proposed Interim Co-Lead Class Counsel Pursuant to Rule 23(g).**

Pursuant to Rule 23(g), a court may "designate interim counsel to act on behalf of putative class members before determining whether to certify the action as a class action." *Sorenson v. Delta Air Lines, Inc.*, 667 F.Supp.3d 1289, 1323 (N.D. Ga. 2023) (citing Fed. R. Civ. P. 23(g)(3)). In selecting interim class counsel, courts look to the criteria set forth in Rule 23(g)(1)(A) to determine the adequacy of class counsel, including: (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's

knowledge of the applicable law; and (iv) the resources counsel will commit to representing the class. *See Bedont v. Horizon Actuarial Serv., LLC*, No. 1:22-cv01565, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (citing Fed. R. Civ. P. 23(g)(1)(A)). The appointment of interim class counsel prior to class certification "clarifies responsibility for protecting the interests of the class during precertification activities, such as making and responding to motions, conducting any necessary discovery, moving for class certification, and negotiating settlement." *See* Manual for Complex Litigation (Fourth) § 21.11 (2004).

Each of the factors identified by Rule 23(g) are met by Jeff Ostrow of Kopelowitz Ostrow P.A. ("KO") and Casondra Turner of Milberg Coleman Bryson Phillips Grossman, PLLC ("Milberg").

**1. Proposed Interim Co-Lead Class Counsel Performed Substantial Work in Investigating this Action, Organizing Plaintiffs' Efforts to Date, and Have the Support of the Plaintiffs.**

Immediately after the announcement of the Data Breach, Proposed Interim Co-Lead Class Counsel began investigating potential legal claims and remedies for the victims of the Data Breach. Those investigations included, among other things: (i) investigating the facts surrounding the Data Breach; (ii) investigating Defendant's data privacy posture; (iii) interviewing individuals injured by the Data Breach; (iv) researching legal claims; (v) drafting initial pleadings; and (vi) investigating experts in data security and damages.

Additionally, Proposed Interim Co-Lead Counsel sought to cohesively organize Plaintiffs in order to efficiently address the merits of the case as expeditiously as possible. Further, Proposed Interim Lead Counsel's substantial efforts in coordinating with other Plaintiffs' counsel to date has resulted in all of the four named plaintiffs supporting them as proposed Interim Co-Lead Class Counsel. The Counsel and Plaintiffs supporting Proposed Interim Class Counsel are identified in the signature block below along with the Plaintiffs each counsel represents. This level of support speaks for itself.

Proposed Interim Co-Lead Class Counsel work as a cohesive, well-organized unit. Work assignments will be allocated fairly and in a manner that takes advantage of each firm's strengths while eliminating duplicity. Accordingly, the substantial work coordinating Plaintiffs' efforts so far weighs in favor of appointing Plaintiffs' Proposed Interim Co-Lead Class Counsel.

**2. Jeff Ostrow Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action and is Qualified to Serve as Interim Co-Lead Class Counsel.**

Jeff Ostrow is the Managing Partner of KO and has been practicing law for 27 years. Mr. Ostrow established the South Florida-based firm immediately following his graduation from Nova Southeastern University in 1997 and has since grown it to 25 attorneys.[2] Beyond managing the firm, Mr. Ostrow heads the class

[2] A copy of Mr. Ostrow's firm resume is attached hereto as **Exhibit A**.

action department and maintains a full caseload of nationwide class actions. Although Mr. Ostrow currently only represents class plaintiffs, he has prior experience defending large companies in class actions, including banks, commercial lenders, and tech companies, which affords him a valuable perspective and advantage in litigation and settlement.

Mr. Ostrow is counsel of record in more than 200 pending data breach cases and has been appointed lead counsel in many of them.[3] In addition to data privacy and cybersecurity class actions, KO's attorneys are also regularly appointed lead counsel, co-lead counsel, liaison counsel, and class counsel in class actions in federal and state courts involving unlawful bank fees, antitrust, product liability, false

[3] *See, e.g., In re Fortra File Transfer Software Data Sec. Breach Litig.*, No. 24-md-3090 (S.D. Fla.) (involving 10 defendants, affecting 6 million people; settled for $27 million); *Crowe v. Managed Care of N. Am., Inc.*, No. 23-cv-61065 (S.D. Fla.) (8 million individuals); *In re Zeroed-In Techs., LLC Data Breach Litig.*, No. 1:23-cv-03284-BAH (D. Md.) (2 million individuals); *Harrell v. WebTPA Employer Servs. LLC*, No. 3:24-cv-01160 (N.D. Tex.) (2.5 million individuals); *Stallone v. Fin. Bus. & Consumer Sols., Inc.*, No. 2:24-cv-01876 (E.D. Pa.) (almost 2 million individuals); *Gambino v. Berry, Dunn, Mcneil & Parker LLC*, No. 2:24-cv-146 (D. Me.) (1.1 million individuals); *Mclean v. Signature Performance, Inc.*, No. 8:24-cv-230 (D. Neb.) (at least 106,540 patients); *Wilson v. Frontier Comm'ns Parent, Inc.*, No. 3:23-CV-01418-L (N.D. Tex.) (at least 750,000 individuals); *Flores v. S. Tex. Oncology & Hematology, PLLC*, No. 2024CI13299 (Tex. Dist. Ct., Bexar Cty.) (176,303 patients); *In re HealthEquity, Inc. Data Sec. Incident Litig.*, No. 2:24-cv-528 (D. Utah) (4.3 million patients); *Griffiths v. Kootenai Health, Inc.*, No. 2:24-cv-205 (D. Idaho) (827,149 patients); *Butler v. Acadian Ambulance Serv., Inc.*, No. 6:24-cv-01011 (W.D. La.) (3 million patients); and *In re DISA Global Data Breach Litig.*, No. 4:25-cv-00821 (S.D. Tex.) (3.3 million people).

advertising, insurance, and other consumer protection violations.[4] To date, these efforts have resulted in the resolution of more than 150 class cases totaling billions of dollars for class members. In many of those settlements, KO also secured monumental and meaningful industry-altering practice changes collectively worth billions of dollars.

Federal judges have recognized Mr. Ostrow's commitment to excellence. In *Farrell v. Bank of America, N.A.*, 327 F.R.D. 422, 432 (S.D. Cal. 2018), in which Mr. Ostrow served as lead counsel on behalf of millions of people, U.S. District Judge James Lorenz made the following observation when granting final approval of a settlement that included a $68 million recovery and $1.2 billion in injunctive relief requiring the defendant bank to stop an enormously lucrative practice: "Class Counsel achieved this result through tenacity and great skill. In all of their written submissions and in their presentation at the Final Approval Hearing, Class Counsel's

---

[4] *See, e.g., In re Zantac (Ranitidine) Prod. Liab. Litig.*, No. 9:20-md-02924-RLR (S.D. Fla.) (Lead Counsel in one of the largest mass tort and class actions in MDL history); *In re Checking Acct. Overdraft Litig*., No. 1:09-MD02036-JLK (S.D. Fla.) (Coordinating Counsel, Settlement Class Counsel, and Lead Class Counsel for the past 13 years in large MDL resulting in $1.2 billion recovery from the nation's largest banks); *In re Disposable Contact Lens Antitrust Litigation*, No. 3:15-md-2626-HES-JRK (M.D. Fla.) (Liaison Counsel in antitrust class action with $85 million recovered to date); *see also In re: National Prescription Opiate Litigation*, No. 1:17-md-2804 (N.D. Ohio) (co-counsel for Broward County and the City of Fort Lauderdale, recovering over $100 million); *In re Juul Labs*, No. 19-md-2913 (N.D. Cal.) (co-counsel for Broward and Miami-Dade County School Boards, recovering over $26 million).

arguments were laudably clear and precise, no small feat given the complexity of the legal questions at issue here. It is clear that substantial preparation went into all of Class Counsel's work on this case." Similarly, when approving a $13 million settlement in which Mr. Ostrow was one of the lead counsel, U.S. District Judge James Lawrence King commented that "Class Counsel's efforts in pursing and settling these consumer claims were, quite simply, outstanding." *In re Checking Account Overdraft Litig.*, 1:09-md-02036-JLK, 2013 WL 11319244, *16 (S.D. Fla. Aug. 2, 2013). In another recent case in which Mr. Ostrow was lead counsel, U.S. District Judge Jose Martinez noted, "Here, Class Counsel worked extensively and with a high level of skill to advance Plaintiff's claims . . . The case involved difficult factual and legal issues from a global pandemic. . . . Despite the strong defenses presented by Barry [University], Class Counsel obtained an excellent result for the Settlement Class Members." *Rosado v. Barry Univ., Inc.*, No. 1:20-cv-21813-JEM (S.D. Fla.), Dkt. 84 at 14.

**3. Casondra Turner Possesses the Requisite Experience, Knowledge, Skills, and Resources to Prosecute this Action and is Qualified to Serve as Interim Co-Lead Class Counsel.**

Casondra Turner is a Senior Counsel at the international plaintiffs' class action firm Milberg[5] and a member of its Cybersecurity and Data Privacy Practice Group. Milberg is recognized as having one of the most respected data privacy

[5] A copy of Ms. Turner's firm resume is attached hereto as **Exhibit B**.

practice groups in the United States, having been ranked by Chambers and Partners as Band 3 for Privacy & Data Security Litigation (2024).

Ms. Turner and the Milberg lawyers with whom she will be working have served as lead or co-lead counsel in the largest data breaches in the country and have been instrumental in developing the favorable case law that many plaintiffs rely on in data breach litigation. Over the past 3 years, the Milberg firm has settled on a class wide basis more than 100 class actions involving privacy violations as lead or co-lead counsel. To Ms. Turner's knowledge, no other firm in the country has settled and won court approval of more data breach class actions during this period. *See*, *e.g.*, *Parris, et al., v. Meta Platforms, Inc.*, Case No.2023LA000672 (18th Cir. DuPage Cty., Ill.) (where Milberg served as lead counsel and obtained a settlement of $64.5 million for 4 million consumers in a privacy class action); *In re: East Palestine Train Derailment*, No. 23-cv-00242 (N.D. Ohio) (where Milberg served on the leadership team that obtained a settlement of $600 million in a complex class action); *Webb v. Injured Workers Pharmacy, LLC*, 72 F.4th 365 (1st Cir. 2023) (Milberg attorneys obtained a decision from the First Circuit reversing the dismissal with prejudice of a data breach case and finding Article III standing); *In re Arthur J. Gallagher Data Breach Litig*., 631 F. Supp. 3d 573, 586 (N.D. Ill. 2022) (Milberg attorneys largely defeated a motion to dismiss in a data breach case involving 3 million consumers); *In re: MoveIt Customer Data Security Breach Litigation*, No.

1:23-md-03083 (D. Mass.) (Milberg appointed to the leadership committee in MDL involving a data breach that impacted more than 95 million consumers).

Prior to joining Milberg, Ms. Turner practiced complex commercial litigation at two AmLaw 100 firms, defending large institutions in actions alleging wide-ranging torts, fraud, and other malfeasance. She focused on white collar defense and securities fraud class actions as a litigation associate and has briefed, argued, and settled countless lawsuits for highly regulated companies from their inception through appeal in state and federal court. She has also represented *pro bono* clients in obtaining post-conviction relief and immigration relief. Ms. Turner attended Boston University School of Law and later clerked for the Hon. W. Louis Sands in the U.S. District Court in the Middle District of Georgia. Ms. Turner is a former board member of the Georgia Association of Black Women Attorneys. She also teaches undergraduate and graduate courses in criminal justice and business law in Georgia and was awarded Adjunct Professor of the Year in 2023. As a senior counsel at Milberg, she represents plaintiffs in class action litigation in state and federal courts nationwide. Ms. Turner has repeatedly been appointed to serve as lead or co-lead counsel in data breach and privacy class actions, including recent appointments in *Canup, et al., v. Gas Express LLC d/b/a Circle K*, Case No. 1:25-cv-494 (N.D.Ga.); *In re: Central New York Cardiology, P.C. Data Breach Litigation*, Index No. ECFA2025-000731 (Oneida County Supreme Court, New York); *In re Hire*

*Velocity Data Breach Litigation*, Case No. 1:25-cv-02872 (N.D.Ga.); and *In re American Consumer Credit Counseling, Inc. Data Breach Litigation*, Case No. 1:25-cv-12056-IT (D.Mass.).

Ms. Turner has the full weight of her law firm behind her. Since its founding in 1965, Milberg has repeatedly taken the lead in landmark cases that have set groundbreaking legal precedents, prompted changes in corporate governance, and recovered over $50 billion in verdicts and settlements. Milberg is comprised of dozens of attorneys from diverse backgrounds who work from offices across the United States and Europe.[6] The firm currently is involved in some of the largest and most well-known class action cases in the country and is particularly active in data breach and privacy litigation.

## IV. CONCLUSION

Plaintiffs respectfully request that the Court grant their motion and enter an order consolidating the Related Actions, appointing Jeff Ostrow and Casondra Turner as Interim Co-Lead Class Counsel, and setting deadlines for filing a Consolidated Complaint. A proposed order granting this relief is submitted herewith.

---

[6] *See* Bolch Judicial Institute, Duke Law School, *Guidelines and Best Practices for Large and Mass-Tort MDLs* at 38, 45-46 (2d ed. 2018), *available at* https://judicialstudies.duke.edu/wp-content/uploads/2018/09/MDL-2nd-Edition-2018-For-Posting.pdf ("Duke Guidelines") (Judges should ensure appointed counsel "are capable and experienced and that they will responsibly and fairly represent all plaintiffs, keeping in mind the benefits of diversity of experience, skills, and backgrounds.").

Dated: October 3, 2025

Respectfully submitted,

*/s/ Casondra Turner*
Casondra Turner
(GA Bar No. 418426)
**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**
260 Peachtree Street NW
Suite 2200
Atlanta, GA 30303
Tel: (866) 252-0878
Fax: (771) 772-3086
cturner@milberg.com

*Counsel for Plaintiffs Flint and Townsend and the Putative Class*

Jeff Ostrow (*pro hac vice*)
**KOPELOWITZ OSTROW P.A.**
One West Law Olas Blvd., Suite 500
Fort Lauderdale, Florida 33301
Tel: (954) 332-4200
ostrow@kolawyers.com

*Counsel for Plaintiff Townsend and the Putative Class*

Andrew J. Shamis
**SHAMIS & GENTILE, P.A.**
14 NE 1st Ave., Suite 705
Miami, FL 33132
Tel: 305-479-2299
Fax: 786-623-0915
ashamis@shamisgentile.com

*Counsel for Plaintiffs Bruni and O'Donnell and the Putative Class*

Raina C Borrelli*
**STRAUSS BORRELLI PLLC**

One Magnificent Mile
980 N. Michigan Avenue, Suite 1610
Chicago, IL 60611
Tel: 872-263-1100
Fax: 872-263-1109
raina@straussborrelli.com

*Counsel for Plaintiff O'Donnell and the Putative Class*

**Pro hac vice forthcoming*

**CERTIFICATE OF COMPLIANCE WITH RULE 7.1(D)**

The undersigned hereby certifies that the foregoing brief has been prepared in Times New Roman 14-point font, which is approved by the Court in LR 5.1.

*/s/ Casondra Turner*
Casondra Turner

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on October 3, 2025, the foregoing was filed electronically, which will provide notice to all counsel of record, and the same will be served on counsel for Defendant via email as follows:

Christopher A. Wiech
Georgia Bennett
**BakerHostetler**
1170 Peachtree Street, Suite 2400
Atlanta, GA 30309-7676
cwiech@bakerlaw.com
gbennett@bakerlaw.com

*/s/ Casondra Turner*
Casondra Turner