UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| LEE FLINT, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>APOLLOMD BUSINESS SERVICES, LLC and MERCY HEALTH REGIONAL MEDICAL CENTER, LLC,<br>Defendants. | CIVIL ACTION NO.<br>1:25-cv-05439-SEG |
| SHAWANNA TOWNSEND, individually and on behalf of all others similarly situated,<br>Plaintiff,<br>v.<br>APOLLOMD BUSINESS SERVICES, LLC and RUSH COPLEY MEDICAL CENTER,<br>Defendants. | CIVIL ACTION NO.<br>1:25-cv-05443-SEG |
| CATHY ODONNELL, on behalf of herself and all others similarly situated,<br>Plaintiff,<br>v.<br>APOLLOMD BUSINESS SERVICES, LLC,<br>Defendant. | CIVIL ACTION NO.<br>1:25-cv-05488-SEG |

# ORDER

This case is before the Court on Plaintiffs' motion to consolidate and appoint interim co-lead class counsel.[1] (Doc. 6.) After careful consideration, the Court enters the following order.

## I. Background

The three above-captioned cases arise from a data breach reported by Defendant ApolloMD Business Services, LLC ("ApolloMD"). *See* (Compl., Doc. 1.). Plaintiffs and the putative class members allege that their private information was accessed by unauthorized individuals in May 2025. (*Id.* ¶ 33.) Plaintiffs in all three cases bring claims for negligence, negligence per se, unjust enrichment, and breach of implied contract. *See* (*Id.* ¶¶ 104–49.). Plaintiffs in two of the cases, *Flint v. ApolloMD Business Services, LLC*, Civil

[1] As indicated by the caption, this order concerns three cases, *Flint v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05439; *Townsend v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05443; and *Odonnell v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05488. Plaintiffs' motion to consolidate was filed only in the *Flint* case but was joined by the Plaintiffs in the other two cases. All docket numbers in this order refer to the docket in the *Flint* case.

Plaintiffs in the fourth case, *Bruni v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05467 also joined the motion to consolidate and appoint interim co-lead class counsel filed in *Flint* on October 3, 2025. However, *Bruni* was closed on October 28, 2025, pursuant to Plaintiff Paul Bruni's notice of voluntary dismissal. Accordingly, the Court will not consider Plaintiffs' motion to consolidate and appoint interim co-lead class counsel as to the *Bruni* case.

Action No. 1:25-cv-05439, and *Townsend v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05443, also bring claims for breach of third-party beneficiary contract. *See* (*Id.* ¶¶ 150–156.). Plaintiffs in all three cases joined a motion to consolidate filed in the *Flint* case. (Doc. 6.) Plaintiffs also move for the Court to appoint interim co-lead class counsel. (*Id.* at 11–19.)

## II. Consolidation of the Cases

Federal Rule of Civil Procedure 42(a) provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . consolidate the actions[.]" This rule "codifies a district court's "inherent managerial power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Young v. City of Augusta*, 59 F.3d 1160, 1168 (11th Cir. 1995) (cleaned up).[2] While a district court's decision to consolidate multiple actions is "purely discretionary," courts in the Eleventh Circuit are encouraged to "make good use of Rule 42(a) in order to expedite the trial and eliminate unnecessary repetition and confusion." *Eghnayem v. Bos. Sci. Corp.*, 873 F.3d 1304, 1313-

[2] Indeed, "[t]he law is clear that district courts are authorized to consolidate cases . . . *sua sponte*, without a motion from the parties." *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (quoting *Pigott v. Sanibel Dev., LLC*, Civil Action Nos. 07-0083-WS-C, 07-0691-WS-C, 2007 WL 3245019, at *1 (S.D. Ala. Nov. 1, 2007) (collecting cases)).

14 (11th Cir. 2017) (quoting *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) and *Young*, 59 F.3d at 1169). In exercising their discretion, courts weigh

> several factors, including (1) the risk of prejudice in allowing the matters to proceed separately, (2) the potential for confusion of facts or legal issues, (3) the risk of inconsistent verdicts, (4) the burden on parties, witnesses, and the court, and (5) the length of time and relative expense involved in conducting a single trial or multiple trials.

*Blitz Telecom Consulting, LLC v. Peerless Network, Inc.*, 727 F. App'x 562, 570 (11th Cir. 2018) (citing *Hendrix*, 776 F.2d at 1495).

Consolidation of these three putative class actions is warranted. The cases arise from the same incident and bring largely the same claims on behalf of similar putative classes of plaintiffs. *See Eghnayem*, 873 F.3d at 1314 (finding that consolidation was appropriate where plaintiffs "brought the same claims based largely on the same facts"); *Allstate Ins. Co. v. Vizcay*, 826 F.3d 1326, 1333 (11th Cir. 2016) ("A joint trial is appropriate where there is clearly substantial overlap in the issues, facts, evidence, and witnesses required for claims against multiple defendants." (cleaned up)). Because resolution of the cases will involve common questions of law and fact, allowing the cases to proceed separately would risk "inconsistent adjudications of common factual and legal issues[.]" *Eghnayem*, 873 F.3d at 1314 (quoting *Hendrix*, 776 F.2d at 1495). Moreover, consolidating the cases will significantly ease the burdens

and expense on the litigants and witnesses, and will aid the Court in promoting an efficient litigation process. *See, e.g.*, *Bedont v. Horizon Actuarial Servs., LLC*, No. 1:22-CV-01565-ELR, 2022 WL 3702117, at *2 (N.D. Ga. May 12, 2022) (granting motion to consolidate, in part, to "ease the burdens placed on the [P]arties and witnesses and . . . this Court"); *Miller v. Beazer Homes USA, Inc.*, No. CIV A 107CV-1098-RWS, 2007 WL 3005332, at *1 (N.D. Ga. Oct. 11, 2007) ("[C]onsolidating these actions will avoid unnecessary waste of judicial resources and additional costs and delay to the parties."). Managing pretrial proceedings in three separate cases or conducting three individual trials would be expensive and time-consuming for all involved. The parties appear to agree: ApolloMD and Defendant Mercy Health Regional Medical Center do not oppose consolidation. (Doc. 6 at 4; Doc. 10 at 2 n.1.), though Defendant Rush Copley Medical Center has not appeared in the *Townsend* case.

Accordingly, the Court finds that consolidation of the three putative class actions related to the alleged ApolloMD data breach is appropriate, and that no party will be prejudiced by consolidation. Consistent with this district's custom and Plaintiffs' proposal (Doc. 6-3), the Court will consolidate the cases under the caption of the first-filed case, *Flint v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05439. *See, e.g.*, *Bedont*, 2022 WL 3702117, at *3 (consolidating five putative class actions under the caption of the first-filed

case); *Leftwich v. Georgia*, No. 1:21-CV-5063-MHC, 2022 WL 4009899, at *2 (N.D. Ga. Jan. 26, 2022) ("As the *King* Action was filed prior to the Complaint in the instant case, the cases should properly be consolidated [under that action]."); *Miller*, 2007 WL 3005332, at *1 (consolidating four putative class actions under the caption of the first-filed case).

**III. Appointment of Interim Class Counsel**

Plaintiffs move for the appointment of Jeff Ostrow of the law firm Kopelowitz Ostrow P.A. and Casondra Turner of the law firm Milberg Coleman Bryson Phillips Grossman, PLLC as interim co-lead class counsel. (Doc. 6 at 11–19.)

Federal Rule of Civil Procedure 23(g)(3) permits the Court to "designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." "When appointing interim class counsel, courts generally look to the same factors used in determining the adequacy of class counsel under Rule 23(g)(1)(A)." *Morrison v. Fam. Dollar Stores, Inc.*, No. 24-60294-CIV, 2024 WL 3312055, at *1 (S.D. Fla. June 11, 2024); *Sorenson v. Delta Air Lines, Inc.*, 667 F. Supp. 3d 1289, 1323 (N.D. Ga. 2023) (quoting *In re Mun. Derivatives Antitrust Litig.*, 252 F.R.D. 184, 186 (S.D.N.Y. 2008)). These factors include:

> (i) the work counsel has done in identifying or investigating potential claims in the action; (ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action; (iii) counsel's knowledge of the applicable law; and (iv) the resources that counsel will commit to representing the class.

Fed. R. Civ. P. 23(g)(1)(A). "The Court's task is to ensure that counsel appointed to leading roles are qualified and responsible, that they will fairly and adequately represent all of the parties on their side, and that their charges will be reasonable." *Bedont*, 2022 WL 3702117, at *2 (quoting Manual for Complex Litigation (Fourth) § 10.22 (2004)).

As to the first 23(g) factor, Plaintiffs assert that the proposed interim co-lead class counsel investigated the data breach and identified potential claims. (Doc. 6 at 12.) The Court observes that Ms. Turner signed the complaints filed in *Flint* and *Townsend*, while Mr. Ostrow's name also appears on the *Townsend* complaint. Second, Mr. Ostrow and Ms. Turner have experience litigating class actions, including cases involving data breaches, securing significant recoveries for class members. (*Id.* at 13–19.) Third, such experience and achievements reflect a thorough understanding of the applicable law in class actions generally, and in data breach cases in particular. With respect to the fourth 23(g) factor, Mr. Ostrow manages his firm and leads the class action department (*Id.* at 13–14), while Ms. Turner asserts that she "has the full

weight of her firm behind her." (*Id.* at 19.) Moreover, these attorneys' proven track record in other complex class action matters reassures the Court that they possess the resources necessary to effectively serve the interests of the putative class. The Court grants Plaintiffs' motion to appoint Jeff Ostrow and Casondra Turner as interim co-lead class counsel.

Pursuant to their proposal, Plaintiffs' interim co-lead class counsel will be responsible for and have plenary authority to prosecute any and all claims of Plaintiffs and the putative class and to provide general supervision of the activities of Plaintiffs' counsel in the consolidated action. Specifically, interim co-lead class counsel shall have the following responsibilities, duties and sole authority to:

a. Draft and file the master consolidated complaint, and have final authority regarding what claims and parties are to be included;

b. Determine and present in pleadings, briefs, motions, oral argument, or such other fashion as may be appropriate, personally or by a designee, to the Court and opposing parties the position of Plaintiffs and the putative class on matters arising during the pretrial proceedings;

c. Coordinate and conduct discovery on behalf of Plaintiffs and the putative class consistent with the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of Georgia;

d. Consult with and employ consultants and/or expert witnesses;

e. Draft and file a motion for class certification on behalf of Plaintiffs and the putative class;

f. Conduct all pre-trial proceedings on behalf of Plaintiffs and the putative class;

g. Enter into stipulations and agreements with Defendants;

h. Sign all papers filed on behalf of Plaintiffs and the putative class;

i. Convene meetings of all Plaintiffs' counsel, as necessary;

j. Form task-specific subcommittees of Plaintiffs' counsel, as appropriate;

k. Conduct settlement negotiations with Defendants;

l. Maintain an up-to-date service list of all Plaintiffs' counsel for all consolidated cases, and promptly advise the Court and Defendants' counsel of changes thereto;

m. Receive and distribute to Plaintiffs' counsel, as appropriate, discovery, pleadings, correspondence, and other documents from Defendants' counsel or the Court that are not electronically filed;

n. Appear at Court-noticed status conferences and hearings;

o. Be the contact persons for all Plaintiffs' counsel and the attorneys of record with whom the Court will be dealing throughout the course of the litigation;

p. Delegate specific tasks to other Plaintiffs' counsel in a manner to avoid duplicative efforts and ensure that pretrial preparation for Plaintiffs and the putative class is conducted effectively, efficiently, and economically;

q. Otherwise coordinate the work of all Plaintiffs' counsel, and perform such other duties as the interim co-lead counsel deem necessary to advance the litigation or as authorized by further Order of the Court;

r. Maintain and collect time and expense records for work performed, time billed, costs incurred and other disbursements made by Plaintiffs' counsel whose work interim co-lead counsel has specifically authorized, and submit at the Court's request, in writing, ex parte and in camera reports to the Court regarding time billed in the prosecution of this action. At such time as may be appropriate, Co-Lead Counsel will also recommend appointment and allocation of fees and expenses subject to court approval;

s. Fund the necessary and appropriate costs of discovery and other common benefit efforts; and

t. Perform such other functions as necessary to effectuate these responsibilities or as may be expressly authorized by further order of the Court.

It is the Court's intent that, as to all matters common to these coordinated cases, and to the fullest extent consistent with the independent fiduciary obligations owed by any and all Plaintiffs' counsel to their clients and any putative class, pretrial proceedings shall be conducted by and through interim co-lead counsel.

## IV. Conclusion

For the foregoing reasons, the motion to consolidate cases and appoint interim co-lead class counsel filed in *Flint v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05439 is **GRANTED IN PART and DENIED IN**

**PART**. (Doc. 6.) The Court hereby **CONSOLIDATES** the following cases *Flint v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05439; *Townsend v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05443; and *Odonnell v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05488. These three cases shall be consolidated under *Flint*, Civil Action No. 1:25-cv-05439. The parties are **DIRECTED** to make any filings related to the consolidated cases on the docket of Civil Action No. 1:25-cv-05439. Further, the Court **APPOINTS** interim class counsel as set forth in this order. However, the Court will not consolidate or appoint interim class counsel in *Bruni v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05467, because that case is closed.

The Clerk is **DIRECTED** to (1) file this order in *Flint v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05439; *Townsend v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05443; and *Odonnell v. ApolloMD Business Services, LLC*, Civil Action No. 1:25-cv-05488, (2) administratively close *Townsend*, Civil Action No. 1:25-cv-05443; and *Odonnell*, Civil Action No. 1:25-cv-05488; and (3) change the caption of the lead case, Civil Action No. 1:25-cv-05439, from "*Flint v. ApolloMD Business Services, LLC*" to "*In re ApolloMD Data Breach Litigation*".

The Court **DIRECTS** Plaintiffs to file a consolidated complaint within 45 days of the date of this order. Defendants shall have 45 days from the date on which Plaintiffs file the consolidated complaint file a response. In the event that Defendants file a motion to dismiss, Plaintiffs shall have 30 days to file their opposition brief, and Defendants shall have 21 days to file a reply brief.

**SO ORDERED** this 5th day of December, 2025.

SARAH E. GERAGHTY
United States District Judge